UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GLAZIERS ARCHITECTURAL METAL      )
AND GLASS WORKERS LOCAL 513       )
DIVISION A GLAZIER UNIT MONEY     )
PURCHASE PLAN AND TRUST, et al.,  )
                                  )
          Plaintiffs,             )
                                  )
     vs.                          )          No. 4:11-CV-1366 (CEJ)
                                  )
WOOD RIVER GLASS CO.              )
                                  )
          Defendant.              )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for prejudgment injunctive relief. Plaintiffs bring this action pursuant to the Labor Management Relations Act of 1974, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132 . Plaintiffs are four employee benefit plans (the Pension, Welfare, Training and Vacation Funds), their trustees (the plans), and the Glaziers Architectural Metal and Glassworkers Local 513 (the Union). Defendant Wood River Glass Co., is a party to a collective bargaining agreement with the Union. Plaintiffs contend that the defendant failed to make timely contributions to the plans as required under the terms of the collective bargaining agreement. The defendant has not filed an answer or otherwise appeared in this matter. Therefore, on October 4, 2011, the Clerk of Court entered default against the defendant.

Plaintiffs now seek an order freezing defendant's bank accounts located in the Bank of Edwardsville. Plaintiffs believe that the defendant may remove funds from the bank accounts, thereby, hindering plaintiffs' ability to collect defendant's delinquent contributions.

### I. Discussion

Plaintiffs' motion is in essence a request for prejudgment attachment of defendant's bank accounts. Rule 64 of the Federal Rules of Civil Procedure provides for the prejudgment seizure of property in accordance with the law of the state where the court sits. For a writ of attachment to issue in Missouri, an affidavit must be filed by the requesting party and include information regarding the nature and the amount of the claim that the requesting party is attempting to recover. The affidavit must also include facts showing the existence of one or more of the grounds for attachment set forth in Mo. Rev. Stat. § 521.010. Specifically,

> "[t]he affidavit shall be made by the plaintiff, or some person for him, and shall state that the plaintiff has a just demand against the defendant, and that the amount which the affiant believes the plaintiff ought to recover, after allowing all just credits and setoffs, is . . . dollars, and that he has good reason to believe, and does believe, in the existence of one or more of the causes which according to the provisions of section 521.010 would entitle the plaintiff to sue by attachment."

Mo. Rev. Stat. § 521.060.

Plaintiffs have not filed an affidavit stating the amount of the claim they are seeking to recover or establishing the grounds for attachment as required under § 521.010. Because plaintiffs are not in compliance with § 521.010, a prejudgment attachment of defendant's bank accounts will not be issued.

Even when construed as a request for preliminary injunctive relief under ERISA, plaintiffs' motion still fails. In considering whether to issue a preliminary injunction, the court weighs the following four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between the harm and the injury that granting the injunction will inflict on other parties; (3) the probability that it will succeed on the merits; and (4) the public interest. Calvin Klein Cosmetics Corp. v. Lenox Laboratories,

-2-

Inc., 815 F.2d 500, 503 (8th Cir. 1987)(citing Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109 (8th Cir. 1981)). Plaintiffs have not shown that any of these factors weigh in favor of granting a preliminary injunction. Indeed, plaintiffs do not claim that they would suffer irreparable harm nor do they discuss any other relevant Dataphase factors.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for pre-judgment injunctive relief [#5] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of January, 2012.