UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLAZIERS ARCHITECTURAL METAL AND GLASSWORKERS LOCAL 513 DIVISION A GLAZIER UNIT MONEY PURCHASE PLAN AND TRUST, et al., ) ) ) ) ) Plaintiffs, ) ) vs. ) ) WOOD RIVER GLASS CO., ) ) Defendant. ) | Case No. 4:11-CV-1366(CEJ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' response to the Court's request for additional documentation in support of the damages calculation presented in their motion for default judgment.  Additional background information is presented in the Court's order entered on September 21, 2012.  [Doc. #18].

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132.  Plaintiffs are four employee benefit plans (Pension, Welfare, Education, and Vacation), their trustees, and the Glaziers Architectural Metal and Glass Workers Local 513  (the union).  Defendant Wood River Glass Co., is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Plaintiffs seek default judgment for contributions which were not timely made between February 2009 and October 2011.  Plaintiffs claim that they are entitled to $156,261.20, consisting of $108,612.30 in fringe benefit

contributions, $21,837.14 in liquidated damages, and $25,811.27 in interest.  Plaintiffs also seek $8,490.00 in attorney fees, and $576.02 in costs.

The summons and a copy of the complaint were served to defendant on August 10, 2011.  Defendant has not filed an answer or otherwise appeared in this matter.  On October 4, 2011, the Clerk of Court entered default against defendant.

I. Discussion

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right.  United States v. $345,510.00 in U.S. Currency, No. Civ. 01-497 (PAMJGL), 2002 WL 22040, at *2 (D. Minn. Jan. 2, 2002).  Rather, the grant of a default judgment is within the discretion of the Court.  See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996).  In considering a motion for default judgment, the Court is mindful that, by defaulting, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint.  See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988).  Although factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven by the plaintiff, to a reasonable degree of certainty.  See Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001); The district court must provide detailed findings regarding damage calculations, even in default judgments.  Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) ("generic reference to evidentiary support for the damages determination" is insufficient).

Plaintiffs submitted the affidavit of Carol Kaminski, the union's funds administrator, in support of their original motion for summary judgment.  At that time, defendant owed $114,976.28 in delinquent contributions.  On September 7, 2012, plaintiff submitted additional evidence showing that the amount of unpaid contributions

was $108,612.28.[1]  No explanation was offered for the change.  In an updated affidavit provided at the Court's request, Ms. Kaminski attests that the funds have received $6,000 toward the balance of unpaid contributions during the pendency of this action, thereby reducing the amounts owed for unpaid contributions, penalties, and interest.

Based on the documentation and affidavits submitted by the plaintiffs, the Court finds that defendant Wood River was bound at all relevant times by a valid CBA and that it breached its obligations by failing to timely pay the required contributions.  The Court further finds that Ms. Kaminski's calculations accurately reflect the delinquent contributions, liquidated damages and interest amounts owed by defendant under the terms of the CBA.

Attorney John Goffstein submits an affidavit and exhibit in support in which he attests that plaintiffs have incurred attorney's fees in the amount of $8,490.00.  [Doc. #19-5 and #19-8].  The exhibit purports to document attorney's fees as of October 14, 2011.  The document lists "Billed fees" of $5,150.00 for 25.89 hours and "Work in Process" fees of $2,800.02 for 14.08 hours, for a total of $7,950.02 billed for 39.97 hours, yielding an the hourly rate of $199.00.  Attorney Goffstein has not supplied any billing records to document the hours expended, which are far in excess of those in the typical delinquent contributions action.  See, e.g., Meat Cutters' Local No. 88 v. LaDue Markets, Inc., No. 4:11CV977 (CEJ) ( awarding attorney's fees for 3.1 hours) [Doc. #8]; Greater St. Louis Construction Laborers Welfare Fund v. Aura Contracting, LLC, No. 4:11CV251 (CEJ) (awarding attorney's fees for 2.6 hours) [Doc. #11]; Construction Industry Laborers Pension Fund v. Midwest Drilling, Inc., No. 4:10CV1030 (CEJ) (awarding attorney's fees for 15 hours) [Doc. #23]; Greater St. Louis

---

[1]Because penalties and interest are calculated as a percentage of delinquent contributions, these categories of damages decreased as well.

<u>Construction Laborers Welfare Fund v. James Aubuchon</u>, No. 4:09CV1086 (CEJ) (awarding attorney's fees for 10.7 hours) [Doc. #31].  In the absence of supporting documentation, the Court cannot make the necessary determination that the requested fees are reasonable and thus the request for attorney's fees will be denied at this time.  Plaintiffs will be afforded an opportunity to submit additional documentation to support their claim for attorney's fees.

Plaintiffs also seek costs in the amount of $181.00 for accountant's fees and $395.02 for court costs.  These costs are adequately documented and will be allowed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [#11] is granted.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **October 12, 2012** to submit additional documentation in support of their claim for attorney's fees.

A separate judgment in accordance with this memorandum and order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2012.